I respectfully concur in judgment only with the majority's treatment of this matter. I write separately to articulate my view of a trial court judge's duty to review a magistrate's decision under Civ.R. 53(E)(4)(a).
The majority opinion suggests that a trial judge may automatically adopt the decision of a magistrate, without any perusal, simply because the other party did not file objections to the decision, or because findings of fact are not required under the law. However, it is my view that that position is not compatible with the intent of the rule.
 "The current version of Civil Rule 53(E)(4)(a) provides that: `[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.' Clearly, the rule contemplates some sort of judicial review, at least for apparent defects. However, according to the Staff Note to section (E)(4), if there is no apparent error and no objection filed, `the judge is no longer required to conduct an independent review and make a determination himself or herself.' At least one court, construing this provision, has concluded that independent review is required with or without the filing of objections because `(a) magistrate is but an arm of the court, and while the magistrate's decision carries a presumption of correctness the trial court is not required to adopt it. (* * *) If objections are filed, the court must rule on them as part of its independent review, but it must perform that review nonetheless.' * * *" (Emphasis added.) 2 Sowald Morganstern, Domestic Relations Law (1997) 403, Section 31.14, citing Loges v. England (Oct. 25, 1996), Montgomery App. No. 15606, unreported, 1996 WL 631399.
Furthermore, while a plaintiff's failure to object to a magistrate's conclusions of law hampers him or her from attacking them on appeal, even in the absence of objections, a trial court may not adopt a magistrate's decision unless it decides that there was no error of law or other defect on the face of the decision. Civ.R. 53(E)(4)(a); Alimo v. PomanteContrs., Inc. (Sept. 11, 1997), Franklin App. No. 97APG02-221, unreported, at 6, 1997 Ohio App. LEXIS 4101. Civ.R. 53(E)(4)(a) provides a trial court with the discretion to adopt or reject a magistrate's decision, regardless of whether a party files objections to the decision. Lewis v. Lewis (Mar. 18, 1997), Franklin App. No. 96APF07-868, unreported, at 20, 1997 Ohio App. LEXIS 1130.
The trial court has a duty to correct an error of law or other defect that appears on the face of the magistrate's decision. Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported, at 6, 1997 Ohio App. LEXIS 1560. Civ.R. 53(E)(4)(a) permits a trial court to make an independent analysis of the issues and conclude whether or not there was an error of law or other defect on the face of the magistrate's report when no objections were filed as to the error or defect. YoungstownMetro. Hous. Auth. v. Barry (Dec. 16, 1996), Mahoning App. No. 94 C.A. 147, unreported, at 7-8, 1996 Ohio App. LEXIS 5714.
This writer is of the opinion that a trial judge is required, to some degree, to review a magistrate's decision, though not always to the same extent in every case. I do not believe, under Civ.R. 53(E)(4)(a), that the duty of the trial court judge to read the magistrate's decision, to assess the matters contained in the report, and to determine whether to adopt the magistrate's decision has been eliminated. In order to ascertain whether or not there was an error of law or other defect on the face of a magistrate's decision, some separate and independent review by a trial judge is required.